IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 1, 2003 Session

## ESSROC CEMENT CORP. v. PLC, INC.

**Appeal from the Chancery Court for Carter County**
**No. 25239      G. Richard Johnson, Chancellor**

**FILED JANUARY 8, 2004**

**No. E2002-01992-COA-R3-CV**

---

ESSROC Cement Corp. ("ESSROC") brought this action against PLC, Inc., formerly known as Paty Lumber Company, seeking judgment in amount of $112,551.43, plus service charges and attorney's fees, as payment for cement and masonry materials which it sold to PLC. After ESSROC filed a motion for summary judgment, the parties reached a settlement agreement whereby PLC agreed to pay ESSROC two installments of $25,000.00.  PLC paid the first installment under the agreement but not the second.  This prompted ESSROC to file a motion to rescind the settlement agreement on grounds of fraudulent misrepresentation.  The Trial Court granted ESSROC rescission of the settlement agreement, and granted summary judgment in ESSROC's favor.  We affirm the judgment of the Trial Court.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Mark S. Dessauer, Kingsport, for the Appellant, PLC, Inc.

Timothy B. McConnell, Johnson City, for the Appellee, ESSROC Cement Corporation

### OPINION

ESSROC filed its complaint on May 25, 2001, claiming it had sold PLC materials on an open account in amount of $185,217.61, that PLC had made payments totaling $69,176.68 and ESSROC had issued credit in amount of $3,489.50, and that PLC owed the balance of $112,551.43. PLC filed an answer which admitted virtually every allegation in the complaint except the amount owing. Regarding that amount, PLC's answer states that "it is admitted that [PLC] is indebted to the plaintiff in some amount but strict proof is demanded as to the exact amount of such debt."

ESSROC filed a motion for summary judgment on December 7, 2001, supported by affidavits and a statement of undisputed facts pursuant to Tenn.R.Civ.P. 56.03. PLC did not file a response to this motion, but apparently one day before it was scheduled to be heard, the parties began settlement negotiation. ESSROC counsel Timothy B. McConnell filed an affidavit in which he described the negotiations as follows:

> During our conversation, [PLC counsel] Mr. Dessauer advised me that if ESSROC proceeded with its Motion for Summary Judgment and obtained a judgment for the full amount owed by [PLC] to ESSROC, [PLC] would likely file bankruptcy which would result in a substantial reduction in any amount eventually paid out to ESSROC. Based on Mr. Dessauer's representations and after speaking with my client, I agreed to reschedule the hearing on ESSROC's Motion for Summary Judgment to February 6, 2002 to allow the parties time to try to reach a resolution of this matter.
>
> Thereafter, the parties began compromise and settlement negotiations, and on February 5, 2002, Mr. Dessauer proposed, on behalf of [PLC], that [PLC] would pay to ESSROC in settlement of this matter the sum of $50,000.00 to be paid in two (2) equal installments of $25,000.00 each, due on February 25, 2002 and March 15, 2002 respectively.

The record contains a letter from PLC's counsel to Mr. McConnell, which states in relevant part as follows:

> If ESSROC proceeds on its intended course and obtains a judgment against PLC that is reduced to a lien against its assets, the options available to PLC become very limited. PLC could not sell these assets free and clear of liens absent satisfaction of the judgment in favor of ESSROC or otherwise reach an agreement with the company for the release of the judgment lien. In order to preserve the value of its assets for all its trade creditors and to prevent ESSROC from receiving more favorable treatment than PLC's other trade creditors, PLC's most viable option would then be to file a Chapter 11 liquidation to allow a court-supervised liquidation of its remaining assets.
>
>        \*             \*             \*
>
> Thus, PLC estimates that, if ESSROC forces it into Chapter 11, the amount ESSROC will receive on its claim will be far less than the $45,312.05 that is currently being offered and it will be some time before any further monies are paid.
>
> The $45,312.45 settlement proposal to ESSROC also represents an amount that is likely in excess of the percentage

recovery that will be ultimately disbursed to PLC's other trade creditors if PLC is allowed to proceed with its originally proposed plan. As stated, if ESSROC continues its current course and forces PLC to seek the protection of the Bankruptcy Court, it will result in a substantial reduction in any pay-out to ESSROC and, frankly, makes little sense.

\* \* \*

Once your client has had the opportunity to consider the contents of this letter, please advise of its position with respect to the offer of $45,312.03. As previously discussed, this sum can be paid within thirty (30) days of ESSROC's acceptance.

The parties ultimately reached a settlement agreement which they memorialized in writing and signed, and which provides that "PLC, Inc. shall pay ESSROC the sum of Fifty Thousand and 00/100 Dollars ($50,000.00) payable in two (2) equal installments of $25,000.00 each, due on February 25, 2002 and March 15, 2002." As noted above, PLC paid the first $25,000 installment but not the second.

On June 5, 2002, ESSROC filed a motion to set aside the settlement agreement due to fraudulent misrepresentation. In this motion ESSROC alleged that after PLC's failure to pay the second installment,

[PLC] disclosed to ESSROC for the first time that payment of the second installment had been contingent on [PLC] selling certain real property that it owned, and that payment of the second installment of the Settlement Agreement would not be forthcoming unless [PLC] sold such property.

PLC filed a response to the motion, supported by affidavits of its legal counsel and chief executive officer. After a hearing held on June 21, 2002, the Trial Court made the following findings of fact and conclusions of law:

I grant the motion to set aside the Settlement Agreement and Release as this Court finds that the Defendant, Paty, now known as PLC, fraudulently obtained this settlement. That they did not act in good faith in obtaining this contract. That they misrepresented, material misrepresentation about payment. The Court sets aside the Settlement Agreement and Release.

The Court grants judgment, vis-a-vis, Rule 56 finding that there's no genuine issue of material fact as to the sum owed. That they are set forth in the Complaint [and] in the affidavit of a sworn account and that the judgment would be for a $112,551.43 less

-3-

$25,000.00, which would be the credit they've paid, which would leave a principal balance of $107,551.43.

In addition to the $107,551.43, the Court awarded ESSROC $42,738.56 in service charges and $10,296.54 in attorney's fees and expenses pursuant to the credit agreement the parties entered into prior to the litigation.

PLC appeals, raising the issue, which we quote from its brief, of whether the court erred "in setting aside the Settlement Agreement and Release dated February 5, 2002 between ESSROC Cement Corp. . . and PLC, Inc. . .and in awarding judgment in favor of [ESSROC] absent an evidentiary hearing."

In *Staples v. CBL & Associates, Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000) the Tennessee Supreme Court stated the following as to the standard of review specifically applicable to summary judgments:

> The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

PLC argues that there was insufficient proof before the Court that PLC made a fraudulent misrepresentation to ESSROC during the course of the negotiations. The elements of a cause of action for fraud have been enumerated by this Court as follows:

> (1) an intentional misrepresentation with regard to a material fact, (2) knowledge of the representation['s] falsity--that the representation was made "knowingly" or "without belief in its truth," or "recklessly" without regard to its truth or falsity, (3) that the plaintiff reasonably relied on the misrepresentation and suffered damage, and (4) that the misrepresentation relates to an existing or past fact, or, if the claim is based on promissory fraud, then the misrepresentation must "embody a promise of future action without the present intention to carry out the promise."

*Shahrdar v. Global Housing, Inc.*, 983 S.W.2d 230, 237 (Tenn.App. 1998), quoting *Stacks v. Saunders*, 812 S.W.2d 587, 592 (Tenn.App.1990).

ESSROC asserts that PLC's representation made in the settlement offer letter quoted above, that the offered amount "can be paid within thirty (30) days of ESSROC's acceptance," was untrue and misleading, and that PLC failed to disclose that its second payment of $25,000 was contingent on PLC being able to sell a certain parcel of real estate in order to fund the payment. In support of this assertion, ESSROC filed the affidavit of Thomas K. Wagenhauser, its manager of credit, who stated as follows:

> Pursuant to the Settlement Agreement and Release, [PLC] was to pay to ESSROC the sum of $50,000.00 in two equal installments of $25,000.00 each, due on February 25, 2002 and March 15, 2002 respectively.
> At no time during the parties' settlement negotiations did [PLC] disclose to ESSROC that payment of either installment was contingent on [PLC] selling certain real property that it owned, and furthermore, such contingency was never a part of the parties' Settlement Agreement and Release.
> Under no circumstances would ESSROC have agreed to such settlement terms had it been aware that [PLC]'s payment of either installment was contingent on [PLC] selling certain real property that it owned or any other assets.

Mr. McConnell's affidavit states the following in part relevant to this allegation:

> On March 22, 2002, I received a telephone voice message from [PLC counsel] Mr. Dessauer in which [he] disclosed for the first time that [PLC]'s payment of the second installment had been contingent on [PLC] selling certain real property that it owned. Mr. Dessauer also stated that [PLC] had been unable to sell the property, and thus, [PLC] would be unable to pay the second installment as it had agreed to do.

PLC filed the affidavits of Mr. Dessauer and John E. Seward, Jr., its chief executive officer, in support of its response to ESSROC's motion to set aside the settlement agreement and for summary judgment. Significantly, there is nothing in these affidavits, nor anywhere else in the record, that contradicts the allegations discussed above. Mr. Seward's affidavit states in part as follows:

> At the time the Settlement Agreement was executed by me, PLC had contracts in place that were scheduled to close prior to March 15, 2002 and which would have fully funded the remaining $25,000 owed to ESSROC under the Settlement Agreement. At the time of execution of the Settlement Agreement, I, on behalf of PLC, had every intention to carry out the terms of the agreement. However, due

-5-

to circumstances beyond PLC's control, the contracts referenced above were not consummated as anticipated.

Under the particular circumstances of this case, we find there are no genuine issues of material fact relative to the inquiry of fraudulent misrepresentation, and that the Trial Court did not err in setting aside the Settlement Agreement based on that ground.

We likewise find that the Trial Court did not err in granting summary judgment in ESSROC's favor on the amount owed under the credit agreement. After ESSROC filed its properly-supported motion for summary judgment, PLC failed to present proof tending to raise any genuine issue of material fact regarding the amount owed, nor did it raise any affirmative defense.

PLC argues on appeal that the Court erred in failing to order ESSROC to return the first installment of $25,000 to PLC, ordering instead that it be offset as a credit against the judgment. ESSROC responds by correctly pointing out that this issue was not raised at the trial level below. In its reply brief, PLC cites the following sentence from its response in opposition to ESSROC's motion:

> The plaintiff now seeks to set aside the Settlement Agreement on the grounds of misrepresentation and presumably retain the $25,000 previously paid and seek judgment on the balance owing as set forth in the original Complaint.

Nothing in the written record, including this sentence, nor in PLC's oral arguments presented to the Court as preserved in the transcript of the hearing, can be construed as placing this issue before the Trial Court for decision. PLC cannot for the first time raise this issue on appeal.

For the foregoing reasons, the judgment of the Trial Court is affirmed and the cause remanded for collection of the judgment and costs below. Costs of appeal are adjudged against the Appellant, PLC, Inc. and its surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE